**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                      )<br>             Plaintiff,                       )<br>                                                      )<br> vs.                                              )<br>                                                      )<br> SAMUEL JIMENEZ-ALVAREZ,   )<br>                                                      )<br>             Defendant/Movant.        )<br>_____ ) | No. CV 13-1220-TUC-CKJ<br>      CR 12-1890-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

I. *Background*

On September 5, 2012, Movant Samuel Jimenez-Alvarez ("Jimenez-Alvarez") was indicted by a federal grand jury on three counts of Bringing in Illegal Alien for Profit.

On November 13, 2012, an Information was filed alleging Jimenez-Alvarez had committed one count of Transportation of Illegal Aliens for Profit. On that same date, Jimenez-Alvarez entered a plea of guilty to the Information pursuant to a plea agreement. The plea agreement included the following agreement regarding sentence:

> 1. Pursuant to Rule 11(c)(1), Fed.R.Crim.P., the government and the defendant stipulate and agree that 24-36 months imprisonment is an appropriate disposition of this case.
>
> **The parties agree that the above-mentioned sentencing range reflect aN upward departure in exchange for the government not filing a charge of, Bringing in an Illegal Alien for Financial Gain, Title 8, United States Code, Section**

**1324(a)(2)(B)(ii), that carries a statutory mandatory minimum term of three years imprisonment. This plea is contingent on the defendant being placed on Criminal History Category I. Both parties reserve the right to withdraw from this plea agreement if the defendant exceed Criminal History Category I.**

Response, Ex. A, p. 2.

On January 22, 2013, the Hon. Jennifer G. Zipps sentenced Jimenez-Alvarez to the custody of the Bureau of Prisons for a period of 30 months with credit for time served, to be followed by a one year term of supervised release.

On September 23, 2013, Jimenez-Alvarez filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Jimenez-Alvarez asserts in Ground One that the Court abused its discretion by imposing a sentence in excess of the maximum authorized under the United States Sentencing Guidelines (U.S.S.G.), thus violating Jimenez-Alvarez's due process rights. In Ground Two, Jimenez-Alvarez asserts that his counsel failed to properly object to "an improper upward adjustment of the sentence," thereby violating Jimenez-Alvarez's Sixth Amendment rights. In Ground Three, Jimenez-Alvarez contends that his sentence is illegal, that he did not have effective assistance of counsel during his criminal proceedings, and that the sentence exceeds the applicable base offense level authorized under the U.S.S.G. In Ground Four, Jimenez-Alvarez alleges that the government engaged in misconduct by speculating that Jimenez-Alvarez had previously committed other crimes and recommending a sentencing enhancement, thereby violating Jimenez-Alvarez's Fifth Amendment rights. In addition, Jimenez-Alvarez asserts in his supporting memorandum that his counsel "misrepresented" him and that he "signed a plea agreement that was not read[] or explained to him by counsel" and that his counsel "only told Jimenez-Alvarez to sign the plea agreement and to say, yes! I'm guilty." Jimenez-Alvarez states that he "lacks knowledge[] of the English language and feels he was deceived by counsel." *See* Motion, Doc. 1. A response has been filed by the government. Jimenez-Alvarez has not filed a reply.

On May 13, 2014, this matter was reassigned to this Court.

II. *Waiver of Right to File 28 U.S.C. § 2255 Petition*

A waiver generally will be enforced if the agreement, by its terms, expressly waives the right and the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Vences*, 169 F.3d 611 (9th Cir. 1999)(sentence was not illegal where it was authorized by the judgment of conviction and was not in excess of the statutory penalty). In this case, the plea agreement provided that Jimenez-Alvarez waived any right to appeal the Court's entry of judgment or sentence and waived any right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 or any other collateral attack. The plea agreement further precludes Jimenez-Alvarez from filing any and all motions attacking the judgment and sentence providing the sentence was consistent with the plea agreement. Jimenez-Alvarez's sentence of 30 months is consistent with the plea agreement and its stipulated sentence.

However, the Ninth Circuit has left "open the possibility that [a habeas petitioner] might raise [an] ineffective assistance argument on federal habeas procedure, through a § 2255 motion, notwithstanding that [his] appeal waiver covered 'all his waivable statutory rights to file a petition pursuant to 28 U.S.C. § 2255 challenging the length of his sentence.'" *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo-Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). A "'decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence[.]'" *United States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001), *reversed on other grounds, quoting DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000). To prevail on a claim of ineffective assistance of counsel, Jimenez-Alvarez must satisfy a two prong test, demonstrating: (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Jimenez-Alvarez was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984). Additionally, a defendant's Sixth Amendment right to counsel

"extends to the plea bargaining process." *Lafler v. Cooper*, — U.S. — , —, 132 S.Ct. 1376, 1384 (2012). "A claim of ineffective assistance used to attack the validity of a guilty plea may be sustained where the petitioner establishes that the ineffective performance 'affected the outcome of the plea process . . . [such] that absent the erroneous advice, [he] would have insisted on going to trial.'" *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996), *quoting Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

III. *Grounds One and Three - Illegal Sentence*

Jimenez-Alvarez asserts the Court abused its discretion by imposing a sentence in excess of the maximum authorized under the United States Sentencing Guidelines (U.S.S.G.), thus violating his due process rights. The plea agreement provided the parties agreed to a sentencing range of 24 to 36 months. Jimenez-Alvarez was sentenced to a term of 30 months in the custody of the Bureau of Prisons. As Jimenez-Alvarez' sentence is consistent with the terms of his plea agreement, Jimenez-Alvarez has waived the right to attack his sentence on this basis. *See United States v. Navarro–Botello*, 912 F.2d 318, 321–22 (9th Cir.1990) (reasoning the public policy of finality supports upholding waivers in plea agreements).

Additionally, even if Jimenez-Alvarez had not waived his right to collaterally attack his sentence, he is procedurally defaulted on this claim. A defendant procedurally defaults on claims that he could have, but did not raise on appeal. *See Bousley v. United States*, 523 U.S. 614, 621–22, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Jimenez-Alvarez did not raise these claims on direct appeal. Further, he does not allege that he is innocent or that cause and prejudice existed to excuse his procedural default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1996). The Court finds Jimenez-Alvarez is not entitled to habeas relief on this claim.

IV. *Grounds Two and Three - Ineffective Assistance of Counsel*

Jimenez-Alvarez asserts that he received ineffective assistance of counsel during the sentencing and because his counsel failed to properly object to "an improper upward

- 4 -

1 adjustment of the sentence," thereby violating Jimenez-Alvarez's Sixth Amendment rights.
2 To the extent Jimenez-Alvarez asserts counsel was ineffective during the sentencing
3 proceedings, the Court finds Jimenez-Alvarez has not established he was prejudiced by any
4 alleged deficiency. Rather, as the plea agreement provided the parties agreed to a sentencing
5 range of 24 to 36 months, the objections Jimenez-Alvarez asserts counsel should have made
6 would not have been successful.

7 Jimenez-Alvarez also asserts counsel was ineffective in other criminal proceedings.
8 Specifically, Jimenez-Alvarez asserts that his counsel "misrepresented" him and that he
9 "signed a plea agreement that was not read[] or explained to him by counsel" and that his
10 counsel "only told Jimenez-Alvarez to sign the plea agreement and to say, yes! I'm guilty."[1]
11 Jimenez-Alvarez states that he "lacks knowledge[] of the English language and feels he was
12 deceived by counsel." The Court accepts this claim as one asserting Jimenez-Alvarez'
13 decision to enter into a plea agreement was not knowing and voluntary because the plea
14 agreement was the result of advice outside the range of competence. However, Jimenez-
15 Alvarez has not asserted counsel's alleged ineffective "'performance affected the outcome of
16 the plea process . . . [such] that absent the erroneous advice, [he] would have insisted on
17 going to trial.'" *Baramdyka*, 95 F.3d at 844, *citation omitted*; *see also Hill*, 474 U.S. at 58;
18 *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990). Rather, Jimenez-Alvarez only
19 seeks to have his sentence modified and not have his plea of guilty set aside. In other words,
20 Jimenez-Alvarez apparently seeks to acknowledge the offense in the one count Information,
21 but not the three count Indictment originally charged in this case. Further, Jimenez-Alvarez
22 ignores the agreement of the parties, as set forth in the plea agreement, that the 24 to 36
23 month sentencing range was in exchange for the government not filing a charge of Bringing
24 in an Illegal Alien for Financial Gain, 8 U.S.C. § 1324(a)(2)(B)(ii), which carries a statutory
25 mandatory minimum term of three years imprisonment. The Court finds Jimenez-Alvarez

---

[1] A review of the recording of the change of plea proceedings indicates that Jimenez-Alvarez stated, through the interpreter, that his attorney had read the agreement and talked to him about the agreement so Jimenez-Alvarez understood the agreement.

- 5 -

has failed to establish that he was prejudiced by any alleged deficiency of counsel; therefore, the Court finds Jimenez-Alvarez has failed to establish he received ineffective assistance of counsel.

V. *Ground Four - Government Misconduct*

Jimenez-Alvarez alleges that the government engaged in misconduct by speculating that Jimenez-Alvarez had previously committed other crimes and recommending a sentencing enhancement, thereby violating Jimenez-Alvarez's Fifth Amendment rights.[2] However, the plea agreement provided the parties agreed to a sentencing range of 24 to 36 months. Jimenez-Alvarez was sentenced to a term of 30 months in the custody of the Bureau of Prisons. As Jimenez-Alvarez' sentence is consistent with the terms of his plea agreement, Jimenez-Alvarez has waived the right to attack his sentence on this basis. *See United States v. Navarro–Botello*, 912 F.2d 318, 321–22 (9th Cir.1990) (reasoning the public policy of finality supports upholding waivers in plea agreements).

Additionally, even if Jimenez-Alvarez had not waived his right to collaterally attack his sentence, he has procedurally defaulted on this claim. A defendant procedurally defaults on claims that he could have, but did not raise on appeal. *See Bousley*, 523 U.S. at 621–22. Jimenez-Alvarez did not raise these claims on direct appeal. Further, he does not allege that he is innocent or that cause and prejudice existed to excuse his procedural default. *See Murray*, 477 U.S. at 485. The Court finds Jimenez-Alvarez is not entitled to habeas relief on this claim.

---

[2] A review of the transcript of the sentencing proceedings indicates government counsel did not speculate that Jimenez-Alvarez had previously committed other crimes and asserted that, although the plea agreement provided for a sentencing range of 24 to 36 months, government counsel thought "the recommendation by Probation [was] appropriate, the 30 months, but anywhere in the 24 to 30 [he thought was] appropriate." Response, Ex. A, p. 7.

- 6 -

VI. *Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Motion is brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Motion stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural rulings. A COA shall not issue.

. . . . .

. . . . .

. . . . .

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. Jimenez-Alvarez' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV 13-1220-TUC-CKJ, Doc. 1; CR 12-1890, Doc. 38) is DENIED.

2. Cause No. CV 13-1220 is DISMISSED.

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 13-1220.

4. A Certificate of Appealability shall not issue in this case.

DATED this 18th day of June, 2014.

Cindy K. Jorgenson
United States District Judge